# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**DAVID LEE GRIFFIN,**

    **Plaintiff,**

vs.                                            **CASE NO. 5:09cv178-RH/AK**

**STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS,**

    **Defendant.**

_____/

## O R D E R

This cause is before the Court upon referral from the Clerk of Court. Plaintiff, proceeding *pro se*, has filed a motion and several "notices" to the Court on behalf of himself and several other persons. (Docs. 1, 2 and 5).

Local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit a complaint on court forms which will be provided to him by the Clerk of Court.

As a secondary problem, Plaintiff has failed to file a motion to proceed in forma pauperis with inmate account information or pay the filing fee. The Clerk shall send the form motion, which must be completed in full, with the complaint form, and returned with the requested inmate account information.

Further, plaintiff may not bring this cause of action on behalf of other persons. A pre-requisite for bringing a class action is a finding by the Court that the representative party can "fairly and adequately protect the interest of the class." Fed. R. Civ P. 23(a)(4). A *pro se* plaintiff "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Oxendine, 509 F.2d at 1407, *quoted in* Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* Hussein v. Sheraton New York Hotel, 100 F. Supp. 2d 203-205-06 (S.D.N.Y. 2000); Klocek v. Gateway, Inc., 104 F.Supp. 2d 1332, 1343-44 (D. Kan. 2000).

Finally, Plaintiff must name persons whom he claims violated his civil rights. It is not sufficient to assert claims against an entire department or the state.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form, as well as a form motion for leave to proceed IFP for prisoners.

2. Plaintiff shall have until **August 21, 2009**, to file a complaint on the proper forms, and either: (1) file a motion for IFP, or (2) pay the full $350.00 filing fee.

4. **Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.**

**DONE AND ORDERED** this  *27th*  day of July, 2009.

                                 s/ A. KORNBLUM
                                 **ALLAN KORNBLUM**
                                 **UNITED STATES MAGISTRATE JUDGE**